UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-61833-RAR

**DONOVAN MCCLOUD**,

      Plaintiff,

v.

**KILOLO KIJAKAZI,**
**Commissioner of Social Security**,

      Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss's Report and Recommendation [ECF No. 27] ("Report"), entered on August 10, 2022. The Report recommends that the Court deny Plaintiff's Motion for Summary Judgment [ECF No. 23] ("Plaintiff's Motion") and grant Defendant's Motion for Summary Judgment [ECF No. 24] ("Defendant's Motion"). Report at 1. Plaintiff filed objections to the Report on August 23, 2022. [ECF No. 28] ("Objections"). Defendant's Response to Plaintiff's Objections was filed on September 6, 2022. [ECF No. 29] ("Resp. to Objections").

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiff timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Jared M. Strauss's legal and factual findings.

Plaintiff's primary objection centers around a previously undisclosed letter deeming Plaintiff ineligible to receive SSI disability benefits because of his spouse's income. Objections at 10. Plaintiff argues that the Administrative Law Judge ("ALJ") granted Plaintiff merely a

"pyrrhic victory" because the ALJ determined Plaintiff was disabled as of August 27, 2019, and Plaintiff was ineligible for SSI disability benefits as of December 31, 2018. *Id*. at 2. Importantly, Plaintiff notes, neither the ALJ nor Magistrate Judge Strauss were aware of that fact when they issued their rulings. *Id*. at 3. Therefore, Plaintiff contends the ALJ's failure to follow the Appeals Council Remand Order to hold a hearing was not "harmless error" but rather "harmful error" because the letter deeming Plaintiff ineligible for SSI benefits after December 31, 2018 was not part of the administrative record. *Id*. The Court disagrees.

As Defendant explains, even if the ALJ or the Magistrate Judge were aware that Plaintiff had been deemed financially ineligible for SSI benefits as of a certain date, it would have been improper for either to consider Plaintiff's financial eligibility for disability benefits when deciding whether (1) Plaintiff was disabled and (2) the date Plaintiff became disabled. Resp. to Objections at 2. Because it would have been improper for the ALJ or Magistrate Judge Strauss to consider Plaintiff's financial eligibility for SSI benefits when determining his disability status, the Court agrees that the ALJ's failure to hold a hearing was harmless error. As Magistrate Judge Strauss explained, "Plaintiff has not identified any additional evidence or argument that a new hearing would have elucidated." Report at 19.

Having carefully reviewed Plaintiff's Motion, Defendant's Motion, the Responses [ECF Nos. 25, 26], the Report, the Objections, the Response to Objections, the factual record, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 27] is **AFFIRMED AND ADOPTED**.
2. Plaintiff's Motion for Summary Judgment [ECF No. 23] is **DENIED.**
3. Defendant's Motion for Summary Judgment [ECF No. 24] is **GRANTED.**

4. Final judgment will be entered via separate order pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 7th day of September, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**